IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CIRO ENGERY PARTNERS, LLC**,

   Plaintiffs,

   v.

**ROBERTO TORRES TORRES**, *et al.*,

   Defendants.

Civil No. 12-1917 (GAG/BJM)

## ORDER

Plaintiff CIRO Energy Partners, LLC ("CIRO") filed this case against defendants Roberto Torres Torres, José Pérez-Canabal, and others, claiming violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), damages under the Puerto Rico Civil Code, breach of contract, and unjust enrichment. Docket No. 20. On March 15, 2013, CIRO filed an urgent motion to freeze defendants' assets. Docket No. 30. Defendants Roberto Torres Torres and others ("Torres") opposed the motion. Docket No. 46. Before the court is CIRO's motion to strike Torres's opposition, on the basis that it includes inadmissible evidence of a settlement offer. Docket No. 91 ("Mot."). Torres opposed the motion to strike, and CIRO replied. Docket Nos. 124, 132. The motion was referred to me for disposition. Docket No. 92. For the reasons set forth below, plaintiff's motion to strike is **DENIED**.

CIRO contends that defendants in their opposition to the asset freeze motion repeatedly reference a settlement offer that CIRO extended at the beginning of these proceedings, in violation of Rule 408 of the Federal Rules of Evidence ("FRE").[1] Mot. 2. CIRO also argues that the introduction of such evidence is barred by a "settlement privilege." Mot. 7. But CIRO failed to address a preliminary question—whether the

---

[1] The rule prohibits the introduction of settlement offers or statements made during settlement negotiations "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. However, such evidence is admissible for purposes other than to prove or disprove validity or amount. *Id.*

FRE apply to evidence submitted in support of pre-trial motions, as in this case. Although the question has not been definitively settled, a majority of circuit courts, including this circuit, have found that evidence otherwise inadmissible at trial under the FRE is admissible during preliminary injunction proceedings. *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) (finding that six circuit courts "have permitted district courts to rely on hearsay evidence for the limited purpose of determining whether to award a preliminary injunction"); *Asseo v. Pan Am. Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986) (stating with approval, "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings"). Policy considerations also support limiting the FRE's applicability in pretrial proceedings. Notably, the FRE are designed to protect against misuse of information by juries, not judges; requests for preliminary injunctions are intended to be resolved swiftly, without the need for a full trial on the merits; and Fed. R. Civ. P. 65(a) seems to contemplate inadmissible evidence would be considered during a preliminary injunction proceeding. Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 1101.02[8] (10th ed. 2011). Thus, the better view appears to preclude strict application of the evidence rules during proceedings for a preliminary injunction.

Here, CIRO's motion to freeze assets is in the nature of a request for a preliminary injunction. In the proposed order, CIRO asks the court to "hereby enjoin" defendants "from directly or indirectly selling, liquidating, transferring . . . or disposing of any funds, real, or personal property, or other assets." Docket No. 30-1, at 2. The order is intended to direct or restrain defendants' conduct, which is the essence of injunctive relief. *See Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 157 (1st Cir. 2004) ("[F]reeze orders directed at unspecified assets typically are in the nature of preliminary injunctions"). Therefore, Rule 408, barring use of settlement offers as evidence, simply does not apply to the present motion. The court will, however, use the FRE as a guide in determining the weight and probative value of that evidence. *Mullins*, 626 F.3d at 52.

Accordingly, plaintiffs' motion to strike is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of November, 2013.

                                            *S/ Bruce J. McGiverin*
                                            BRUCE J. MCGIVERIN
                                            United States Magistrate Judge